IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN SCOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv524 |
| DIRECTOR, TDCJ-CID | § | |

Consolidated With

| | | |
|---|---|---|
| KEVIN SCOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv178 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kevin Scott, formerly an inmate confined at the Bell Unit of the Texas Department of Criminal Justice, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner filed the above-styled petitions challenging his denial of release on mandatory supervision.

Analysis

*Jurisdiction*

Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor,* 407

F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey,* 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke,* 150 Fed. App'x 329, 331 (5th Cir. 2005) (citation omitted). A case may become moot when an "intervening factual event ... causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *See Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted).

Here, petitioner has notified the court of a change of address revealing he is no longer confined in the Texas Department of Criminal Justice. Thus, an intervening factual event, petitioner's release from confinement, has caused petitioner to no longer have a present right to be vindicated. Therefore, the court cannot grant the relief sought, and the petition is moot. Accordingly, the petition should be dismissed.

## Recommendation

The above-styled petition for writ of habeas corpus should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 29th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge